IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| MEADOWBROOK, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CASE NO. 02-T-427-N |
| | ) | |
| ALABAMA MUNICIPAL INSURANCE | ) | DEMAND FOR JURY TRIAL |
| CORPORATION; A, B, C, D & E, | ) | |
| whether single or plural, those entities or | ) | |
| individuals who intentionally | ) | |
| interfered in the contract or business | ) | |
| relations between Meadowbrook, Inc. and | ) | |
| its employees by soliciting those employees | ) | |
| to resign their employment with | ) | |
| Meadowbrook, Inc. and to become employees | ) | |
| of Alabama Municipal Insurance Corporation | ) | |
| and/or who conspired with Alabama | ) | |
| Municipal Insurance Corporation; F, G, H, I, | ) | |
| and J, whether single or plural, those | ) | |
| individuals who were employed by | ) | |
| Meadowbrook, Inc. in managerial or | ) | |
| supervisory positions and who breached | ) | |
| their fiduciary duties to Meadowbrook, Inc. | ) | |
| by soliciting or encouraging fellow employees | ) | |
| of Meadowbrook, Inc. to resign their | ) | |
| employment with Meadowbrook, Inc. and | ) | |
| to become employees of Alabama | ) | |
| Municipal Insurance Corporation and/or who | ) | |
| conspired with Alabama Municipal Insurance | ) | |
| Corporation, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

### I. Parties and Jurisdiction

1.  The plaintiff Meadowbrook, Inc. ("Meadowbrook") is incorporated in Michigan with its principal place of business in Southfield, Michigan.

2. The defendant Alabama Municipal Insurance Corporation ("AMIC") is incorporated in Alabama with its principal place of business in Montgomery, Alabama.

3. The defendants A, B, C, D and E, whether single or plural, are those entities or individuals who intentionally interfered in the contract or business relations between Meadowbrook, Inc. and its employees by soliciting those employees to resign their employment with Meadowbrook and to become employees of AMIC and/or who conspired with AMIC. The identity of these fictitious parties is otherwise unknown to Meadowbrook at this time or, if their names are known to Meadowbrook at this time, their identities as proper party defendants are not known at this time and their true names will be substituted by amendment when the aforementioned information is ascertained.

4. The defendants F, G, H, I, and J, whether single or plural, are those individuals who were employed by Meadowbrook in managerial or supervisory positions and who breached their fiduciary duties to Meadowbrook by soliciting or encouraging fellow employees of Meadowbrook to resign their employment with Meadowbrook and to become employees of AMIC and/or who conspired with AMIC. The identity of these fictitious parties is otherwise unknown to Meadowbrook at this time or, if their names are known to Meadowbrook at this time, their identities as proper party defendants are not known at this time and their true names will be substituted by amendment when the aforementioned information is ascertained.

5. This Court has jurisdiction pursuant to 28 U.S.C. §1332. The amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and Meadowbrook and AMIC are citizens of different states.

## II. Facts

6. On or about October 16, 1998, AMIC and Meadowbrook entered in to a Service Agreement (the "Service Agreement"). Pursuant to the Service Agreement, Meadowbrook was to provide certain services in connection with AMIC's insurance program from January 1, 1999 through December 31, 2001. Addendum I to the Service Agreement sets forth the fees AMIC was to pay Meadowbrook for those services commencing January 1, 1999. Addendum II to the Service Agreement sets forth the fees AMIC was to pay Meadowbrook for those services commencing January 1, 2000. A copy of the Service Agreement, including Addendum I and Addendum II, is attached as Exhibit "A."

7. Meadowbrook provided satisfactory services in all material respects to AMIC in accordance with the terms of the Service Agreement. Nevertheless, AMIC notified Meadowbrook that AMIC was terminating the Service Agreement for Meadowbrook's purported failure to provide services effective December 21, 2001 -- only three business days prior to the December 31, 2001 conclusion of the term of the Service Agreement.

8. Relying on its improper and wrongful termination of the Service Agreement, AMIC has failed and refused to pay Meadowbrook the amount of $307,920.36 due under the terms of the Service Agreement.

9. Pursuant to Article 11.2 of the Service Agreement ("Agreement Not To Hire Employees"), AMIC agreed not to solicit for hire or hire Meadowbrook employees to perform any of the services, or similar services, provided in the Service Agreement.

10. Contrary to the terms of the Service Agreement, AMIC has solicited for hire and/or hired numerous Meadowbrook employees to perform the same or similar services provided in the Service Agreement.

11. A number of the Meadowbrook employees that AMIC hired had previously entered into Confidential Information Agreements with Meadowbrook that, among other things, prohibit the disclosure and use of Meadowbrook's confidential information and require the employees to make certain payments to Meadowbrook if the former employee provides insurance services for any of Meadowbrook's clients.

12. Meadowbrook is informed and believes that a number of entities and/or individuals, including managerial or supervisory employees of Meadowbrook who are now employed by AMIC, solicited and/or encouraged fellow Meadowbrook employees to resign their employment with Meadowbrook and to become employees of AMIC.

### III. Claims for Relief

**Count One**
**(Breach of Contract)**

13. Plaintiff Meadowbrook adopts and incorporates Paragraphs 1 through 12 of this Complaint as if fully set forth herein.

14. Meadowbrook has satisfactorily provided services in all material respects to AMIC under the Service Agreement.

15. Defendant AMIC has breached the Service Agreement by wrongfully terminating the Service Agreement effective December 21, 2001, and by failing and refusing to pay Meadowbrook the amount of $307,920.36 due under the terms of the Service Agreement.

16. By reason of the foregoing facts, Meadowbrook has been damaged in the sum of $307,920.36.

WHEREFORE, plaintiff Meadowbrook, Inc. demands compensatory damages against defendant Alabama Municipal Insurance Corporation in the sum of $307,920.36 plus interest and costs.

### Count Two
### (Breach of Agreement Not to Hire Employees)

17. Plaintiff Meadowbrook adopts and incorporates Paragraphs 1 through 16 of this Complaint as if fully set forth herein.

18. Defendant AMIC has breached Article 11.2 of the Service Agreement ("Agreement Not to Hire Employees") by soliciting for hire and/or hiring numerous Meadowbrook employees to perform the same or similar services provided in the Service Agreement.

19. By reason of AMIC's breach of Article 11.2 ("Agreement Not to Hire Employees"), Meadowbrook has been damaged in that numerous Meadowbrook employees resigned effective December 21, 2001 or shortly thereafter. That mass resignation of employees has depleted Meadowbrook's Montgomery office, Meadowbrook has lost a number of trained, experienced and qualified employees and Meadowbrook's capacity to provide services to existing and potential clients has been significantly limited. AMIC's breach of the Service Agreement will also cause Meadowbrook to incur substantial effort and expense in staffing and training new employees to replace the employees solicited and hired by AMIC.

WHEREFORE, plaintiff Meadowbrook, Inc. demands compensatory damages against defendant Alabama Municipal Insurance Corporation in a sum in excess of $75,000.00, plus interest and costs.

**Count Three**
**(Intentional Interference with Contract or Business Relations)**

20. Plaintiff Meadowbrook adopts and incorporates Paragraphs 1 through 19 of this Complaint as if fully set forth herein.

21. A contract or business relation existed between Meadowbrook and its employees. Defendant AMIC and defendants A, B, C, D, and E had knowledge of the contract or business relation between Meadowbrook and its employees.

22. Defendants intentionally interfered in that contract or business relation without justification by soliciting Meadowbrook employees to resign their employment with Meadowbrook and to become employees of AMIC.

23. By reason of defendants' intentional interference with contract or business relations, Meadowbrook has been damaged in that its Montgomery office has been depleted, it has lost the services of numerous trained, experienced and qualified employees and Meadowbrook's capacity to provide services to existing and potential clients has been significantly limited. In addition, Meadowbrook will be caused to incur substantial effort and expense in staffing and training new employees to replace the employees solicited by defendants and hired by AMIC.

WHEREFORE, plaintiff Meadowbrook, Inc. demands compensatory damages and punitive damages against defendants Alabama Municipal Insurance Corporation and defendants A, B, C, D and E in a sum in excess of $75,000.00, plus interest and costs.

## Count Four
### (Breach of Fiduciary Duties)

24. Plaintiff Meadowbrook, Inc. adopts and incorporates paragraphs 1 through 23 of this Complaint as if fully set forth herein.

25. Defendants F, G, H, I and J, while still employed by Meadowbrook in managerial or supervisory positions, solicited and/or encouraged fellow Meadowbrook employees to resign their employment with Meadowbrook and to become employees of AMIC.

26. Those actions were in breach of the defendants' fiduciary duties owed to Meadowbrook.

27. Meadowbrook has been damaged by the breach of fiduciary duties as previously alleged herein.

WHEREFORE, plaintiff Meadowbrook, Inc. demands compensatory damages and punitive damages against defendants F, G, H, I and J in a sum in excess of $75,000.00, plus interest and costs.

## Count Five
### (Conspiracy)

28. Plaintiff Meadowbrook, Inc. adopts and incorporates paragraphs 1 through 27 of this Complaint as if fully set forth herein.

29. Defendant AMIC and defendants A, B, C, D, E, F, G, H, I and J conspired together to commit the intentional interference with Meadowbrook's contractual or business relations and breach of fiduciary duties as previously alleged herein.

30. Meadowbrook has been damaged as a result of the conspiracy as previously alleged herein.

WHEREFORE, plaintiff Meadowbrook, Inc. demands compensatory damages and punitive damages against defendant Alabama Municipal Insurance Corporation and defendants A, B, C, D, E, F, G, H, I and J in a sum in excess of $75,000.00, plus interest and costs.

James N. Walter, Jr.          (WAL021)

Wyndall A. Ivey              (IVE003)

*Attorneys for Plaintiff*
*Meadowbrook, Inc.*

**OF COUNSEL:**

Capell & Howard, P.C.
150 South Perry Street
Post Office Box 2069
Montgomery, Alabama  36102-2069
(334) 241-8000

**JURY DEMAND**

Plaintiff Meadowbrook, Inc. demands trial by struck jury on all issues so triable.

Of Counsel

EXHIBIT A NOT SCANNED