IN THE UNITED STATES DISTRICT COURT
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| MEADOWBROOK, INC. | ) | |
| | ) | |
| **Plaintiff** | ) | |
| | ) | |
| v. | ) | CV-02-T-427-N |
| | ) | Jury Demand |
| ALABAMA MUNICIPAL INSURANCE | ) | |
| CORPORATIONS | ) | |
| | ) | |
| **Defendants.** | ) | |

FILED
DEC 19 2002
CLERK
U. S. DISTRICT COURT
MIDDLE DIST. OF ALA.

## AMENDED COUNTERCLAIM

Comes now the Defendant Alabama Municipal Insurance Corporation ("AMIC") and files the following amended counterclaim.

### Count I

1. Counterclaim Plaintiff is a corporation organized and existing under the laws of the State of Alabama and having its principal place of business in Montgomery County, Alabama.

2. Counterclaim Defendant Meadowbrook, Inc. ("Meadowbrook") is a corporation organized and existing under the laws of the State of Michigan and having its principal place of business within the State of Michigan.

3. On or about October 16, 1998, AMIC and Meadowbrook entered a Service Agreement pursuant to which Meadowbrook was obligated to provide certain specified services to AMIC. Among the services Meadowbrook was obligated to provide were marketing services, and

Meadowbrook agreed to provide adequate personnel and support staff to carry out its marketing and other functions.

4. In October of 1998, Meadowbrook was providing 5 employees to provide field marketing services, but in December 1999, personnel assigned to marketing in the field for AMIC was reduced to 3 individuals. When AMIC questioned this reduction, Meadowbrook represented that the three remaining employees working in the field were all employees who were "dedicated" solely to marketing for AMIC and that 100% of their time was devoted to providing marketing services to AMIC. Meadowbrook further represented that these three "dedicated" employees could handle the work very well.

5. The said representations were false and were made intentionally with knowledge of their falsity, recklessly without knowledge, or innocently and by mistake. Counterclaim Plaintiff did not discover the falsity of said representations until less than two years preceding the filing of this counterclaim.

6. In reasonable reliance on said misrepresentations, AMIC forbore from giving notice of termination of the Service contract for cause as it had a right to do under the terms of the contract and otherwise forbore.

7. As a proximate consequence of said misrepresentation, AMIC was injured in that it was caused to pay the full salary of employees who were not working full time on the business of AMIC, but rather were working in addition on other accounts of Meadowbrook. Moreover, AMIC was caused to suffer lost income.

WHEREFORE, premises considered, Counterclaim Plaintiff prays for judgment against Counterclaim Defendant for such compensatory and punitive damages as the jury may award, interest, and costs.

### Count II

1. Counterclaim Plaintiff adopts by reference and incorporates herein the material allegations of the preceding count of the counterclaim.

2. In October of 1998, at the time the parties were negotiating new contracts, including a new compensation package for Meadowbrook, Meadowbrook provided AMIC with information relative to what its profit margin had been in connection with its then existing contract and argued on the basis of that profit margin that it should receive increased compensation.

3. The said representation was false in that Meadowbrook utilized inaccurate expense information in connection with computing its profit margin. The said misrepresentation was made intentionally with knowledge of its falsity, recklessly without knowledge, or innocently and by mistake. Counterclaim Plaintiff did not discover the falsity of the said representation until less than two years preceding the filing of this counterclaim.

4. AMIC reasonably relied on the said misrepresentation by entering a new agreement with Meadowbrook and by paying more compensation in connection with said contract than it otherwise would have paid.

5. As a proximate consequence of said misrepresentation, AMIC was injured by paying more compensation in connection with said contract than it otherwise would have paid. AMIC was otherwise injured and damaged.

WHEREFORE, premises considered, Counterclaim Plaintiff prays for judgment against Counterclaim Defendant for such compensatory and punitive damages as the jury may award, interest, and costs.

### Count III

1. Counterclaim Plaintiff adopts by reference and incorporates herein the material allegations of the preceding counts of the complaint.

2. On several occasions between December 1999 and April 2000, during the time that the parties were negotiating an addendum to the Service Agreement, Meadowbrook continued to represent to AMIC that the three employees working in the field for AMIC were all employees who were "dedicated" solely to marketing for AMIC and that 100% of their time was devoted to providing marketing services to AMIC. Meadowbrook further represented that these three "dedicated" employees could handle the work very well. During the same time period, Meadowbrook continued to represent that it was entitled to an increase in fee based on what it represented its profit margin had been in connection with its then existing contract and the prior Service Agreement between the parties.

3. The said representations were false and were made intentionally with knowledge of their falsity, recklessly without knowledge, or innocently and by mistake. Counterclaim Plaintiff did not discover the falsity of said representations until less than two years preceding the filing of this counterclaim.

4. In reasonable reliance on said misrepresentations, AMIC executed an addendum to the Service Agreement in April of 2000, which it would not have done had it known the true facts.

5. As a proximate consequence of said misrepresentations, AMIC was injured as aforesaid.

WHEREFORE, premises considered, Counterclaim Plaintiff prays for judgment against Counterclaim Defendant for such compensatory and punitive damages as the jury may award, interest, and costs.

### Count IV

1. Counterclaim Plaintiff adopts by reference and incorporates herein the material allegations of the preceding counts of the counterclaim.

2. On or around October of 1998, AMIC and Meadowbrook entered into a Claims Service Agreement pursuant to which Meadowbrook provided claims handling and claims services to AMIC by, among other responsibilities, handling claims made against AMIC's insureds.

3. In January of 2000 and prior to said time, Meadowbrook represented to AMIC that given the number of claims to be handled, the staff provided for claims was adequate in number to perform claims functions in an efficient and effective manner, and that the number of claims being handled by the claims handlers were consistent with what was regarded as desirable within the claims handling industry.

4. The said representation was false in that the people handling claims were over worked and were handling files significantly in excess of the number that is recognized within the industry as being desirable to handle in an effective and efficient manner. The said misrepresentation was made intentionally with knowledge of its falsity, recklessly without knowledge, or innocently and by mistake. Counterclaim Plaintiff did not discover the falsity of the said representation until less than two years preceding the filing of this counterclaim.

5. In reasonable reliance on said misrepresentation, AMIC forbore with respect to the Claims Service Agreement and otherwise forbore.

6. As a proximate consequence of said misrepresentation, AMIC was injured in that it continued to pay for inadequate claims handling and other claims services that it would, and should, have terminated, and it paid excessive compensation for said services given the inadequate staff provided by Meadowbrook. AMIC was otherwise injured and damaged.

WHEREFORE, premises considered, Counterclaim Plaintiff prays for judgment against Counterclaim Defendant for such compensatory and punitive damages as the jury may award, interest, and costs.

### Count V

1. Counterclaim Plaintiff adopts by reference and incorporates herein the material allegations of the preceding counts of the counterclaim.

2. By virtue of misleading and false representations made to AMIC, as aforesaid; by virtue of the obligations owed to AMIC by Meadowbrook; by virtue of the trust and confidence AMIC had placed in Meadowbrook; and by virtue of other special circumstances related to this case, Meadowbrook had a duty to disclose certain material facts to AMIC.

4. Among the material facts which Meadowbrook had a duty to disclose to AMIC were that Meadowbrook had instructed certain of its employees to charge all expenses, regardless of on whose account they were incurred, to the AMIC account; that the employees assigned to handle claims for AMIC were overworked and had assigned to them more cases than the industry recognized as desirable for claims handlers; that Meadowbrook had subcontracted certain of its claims related obligations to outside, independent adjusters without the permission or authority of AMIC and had inappropriately charged the expense of such subcontracting to AMIC; that three employees were not

working one hundred percent of their work time on AMIC marketing in the field; and that the employees assigned to market the AMIC product in the field were overworked and were not able to adequately handle the AMIC account, along with the other accounts on which they were working.

5. Rather than disclosing said material facts, Counterclaim Defendant suppressed said facts intentionally or recklessly and wantonly, and with the intention of deceiving AMIC.

6. As a proximate result of said suppression, AMIC relied as aforesaid and further relied by entering new agreements with Meadowbrook.

7. As a proximate consequence of said suppression AMIC was injured as aforesaid and was injured additionally by paying higher compensation to Meadowbrook than it otherwise would have been willing to pay. AMIC was otherwise injured and damaged.

WHEREFORE, premises considered, Counterclaim Plaintiff prays for judgment against Counterclaim Defendant for such compensatory and punitive damages as the jury may award, interest, and costs.

### Count VI

1. Counterclaim Plaintiff adopts by reference and incorporates herein the material allegations of the preceding counts of the counterclaim.

2. Meadowbrook breached its Services Agreement in at least the following respects:

   A. It breached its obligation under paragraph 1.1 to provide adequate personnel and support staff.

   B. It breached its obligation under paragraph 1.7 to fully cooperate with independent consultants and service providers of AMIC.

   C. It breached its obligations under paragraph 6.1.

D. It breached its obligations under paragraph 10.1 and 10.5 by shutting down its Insurenet computer program, and thereby denying AMIC access to policy information needed by AMIC to complete a computer conversion and to maintain operations until the computer conversion was complete. Meadowbrook further breached said paragraphs by providing computer information to AMIC in an unreadable form.

E. On information and belief, it breached its obligations under paragraph 11.1 by competing against AMIC.

F. It breached its obligations under paragraph 13.2 to defend and indemnify AMIC against three separate claims arising out of the alleged negligent performance by Meadowbrook of its obligations under the Service Agreement. Meadowbrook has committed an anticipatory breach of this provision by indicating that it also will not honor its obligations with respect to other such claims that may be filed in the future.

3. As a proximate consequence of said breaches of contract, AMIC was injured as aforesaid. In addition, AMIC has incurred the cost of producing financial statements; it has lost valuable time from the work performance of claims and service employees who, in the absence of Insurenet, have had to expend considerable periods of time manually searching for information to which Meadowbrook has declined to provide computer access; AMIC has been delayed in sending out invoices and thus has lost interest income as a result of the delayed receipt of premium payments; AMIC has suffered delays in its computer conversion efforts; it has expended funds on the cost of defense; and it has been otherwise injured and damaged.

WHEREFORE, premises considered, Counterclaim Plaintiff prays for judgment against Counterclaim Defendant for such compensatory damages as the jury may award, interest, and costs.

## Count VII

1. Counterclaim Plaintiff adopts by reference and incorporates herein the material allegations of the preceding counts of the counterclaim.

2. Meadowbrook breached its Claims Agreement by failing to provide adequate staff to fulfill its claims' obligations under the contract. It also breached its obligations with respect to handling claims by subcontracting out certain of its claims work to independent adjusters without permission or authority from AMIC and by inappropriately charging the expense of said subcontracts to AMIC.

3. As a proximate consequence of said breach of contract, AMIC was injured in that claims people had to be employed as independent contractors to handle overflow work, and the expense of these independent contractors was charged to AMIC. In addition, AMIC was injured as aforesaid and was otherwise injured and damaged.

WHEREFORE, premises considered, Counterclaim Plaintiff prays for judgment against Counterclaim Defendant for such compensatory damages as the jury may award, interest, and costs.

*[signature]*
Robert D. Segall (SEG003)
Attorney for Counterclaim Plaintiff

OF COUNSEL:
COPELAND, FRANCO, SCREWS & GILL, P.A.
444 South Perry Street
Post Office Box 347
Montgomery, Alabama 36101-0347
Phone: (334) 834-1180
Fax:    (334) 834-3172